UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES INDUSTRY and FINANCIAL MARKETS ASSOCIATION,<br>     Plaintiff,<br><br>     v.<br><br>JEFFREY B. GARFIELD, in his official capacity as Executive Director and General Counsel of the State Elections Enforcement Commission, and RICHARD BLUMENTHAL, in his official capacity as Attorney General of the State of Connecticut,<br><br>     Defendants. | CIVIL ACTION NO.<br>3:06cv2005 (SRU) |

## PRELIMINARY INJUNCTION ORDER

Plaintiff Securities Industry and Financial Markets Association ("SIFMA") has moved for a preliminary injunction to restrain enforcement of certain Connecticut statutes, which were enacted in December 2005 as part of <u>An Act Concerning Comprehensive Campaign Finance Reform for State-Wide Constitutional and General Assembly Offices</u>, Pub. Act No. 05-5 (Dec. 7, 2005), and amended by <u>An Act Concerning the Campaign Finance Reform Legislation and Certain Election Law and Ethics Provisions</u>, Pub. Act No. 06-137 (June 6, 2006) (the "Act"). <u>See</u> Conn. Gen. Stat. §§ 9-333a, <u>et seq</u>.  Specifically, Plaintiff requests that the Court preliminarily enjoin enforcement of the provision of the Act that requires the collection, disclosure and publication on the Internet of the identities of spouses and dependent children of certain directors, officers and employees of state contractors and prospective state contractors. Conn. Gen. Stat. § 9-333n(h)(2).

On January 2, 2007, I conducted a hearing on that motion.  At that hearing, Plaintiff established that: (1) in the absence of an injunction, its member firms will suffer irreparable

harm; (2) there is a likelihood of success on the merits of one of its constitutional claims; and (3) the balance of hardships decidedly tips in Plaintiff's favor with respect to that claim, but not with respect to its other claims.

     Accordingly, pursuant to Rule 65 of the Federal Rules of Civil Procedure, it is hereby ORDERED that defendants Jeffrey B. Garfield (in his official capacity as Executive Director and General Counsel of the State Elections Enforcement Commission) and Richard Blumenthal (in his official capacity as Attorney General of the State of Connecticut) are hereby preliminarily enjoined and prohibited from taking any action to publicly disclose, including by posting on the Internet pursuant to Conn. Gen. Stat. § 9-333n(h)(2)(B), the names of those individuals who are defined as principals solely because they are dependent children of a director, executive or employee who is defined as a principal of a state contractor or prospective state contractor pursuant to Conn. Gen. Stat. § 9-333n(g)(1)(F).

     This order does not affect the enforceability of other provisions of the Act, including the provisions requiring the public disclosure of the names of principal executives of state contractors, prospective state contractors, and their spouses.  This order does not preclude the defendants from publicly disclosing the names of dependent children who actually make contributions in violation of Conn. Gen. Stat. §§ 9-333g, et seq.  In addition, this order does not preclude the defendants or the State of Connecticut from requiring state contractors and principal executives of state contractors to disclose the names of their spouses and dependent children to the State Elections Enforcement Commission.  Finally, this order does not preclude the defendants or State Elections Enforcement Commission from: (1) compiling a master list of all individuals to whom the contribution ban in Conn. Gen. Stat. §§ 9-333g, et seq. applies,

including spouses and dependent children, pursuant to Conn. Gen. Stat. § 9-333n(h)(2)(A); and (2) distributing copies of the master list to state agencies charged with enforcement of the Act and to campaign treasurers upon request pursuant to Conn. Gen. Stat. § 9-333n(h)(2)(C); provided, however, that when distributing the master list, or any part thereof, the State Elections Enforcement Commission shall include with the distribution a copy of this order.

This order is binding on the two named defendants, their officers, agents, servants, employees and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

The preliminary injunction is issued without a bond and shall remain in effect until a ruling on the merits of Plaintiff's claims or further order of this court.

It is so ordered

Dated at Bridgeport, Connecticut, this 3rd day of January 2007.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge